CLIFTON, Circuit Judge,
dissenting:
I respectfully dissent.
The majority disposition rests on a determination that Disney was substantially prejudiced by Mathew’s delay in giving notice of his intent to rescind the Release. Specifically, the majority concludes, at 3, that “Disney suffered economic prejudice from Mathew’s delay in seeking rescission because, relying on its presumed rights, Disney expended significant resources in developing its Pirates of the Caribbean Franchise.”
That Disney invested a lot of money to reap the enormous rewards it has collected from that franchise does not itself establish substantial prejudice, however. There is a necessary piece missing from that finding. Disney had to “sho[wj that it took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly.” Danjaq LLC v. Sony *512 Corp., 263 F.3d 942, 966 (9th Cir. 2001) (emphasis added).
If Disney would have proceeded with the Pirates of the Caribbean movie series even if it had known that Mathew would attempt to rescind the Release, then it cannot establish prejudice from the delay, under California law. The California Supreme Court said so in Conti v. Bd. of Civ. Serv. Commissioners, 1 Cal.3d 351, 82 Cal.Rptr. 337, 461 P.2d 617, 623 (1969), which held: “If the delay has caused no material change in statu quo, ante, i.e., no detriment suffered by the party pleading the laches, his plea is in vain.” Our court’s cases construing California law have said as much as well. See Russell v. Price, 612 F.2d 1123, 1126 (9th Cir. 1979) (“[T]he detriment [defendant] claims to have suffered as a result of plaintiffs delay in bringing this action does not constitute prejudice within the meaning of the laches doctrine. [Defendants] at no time changed their film distribution activities in reliance on [plaintiffs] conduct. [Defendants] cite no case in which a false sense of security alone has been enough to bar an otherwise proper claim.”); Evergreen Safety v. RSA Network Inc., 697 F.3d 1221, 1227-28 (9th Cir. 2012) (defendant proved it was prejudiced by unreasonable delay in suing because defendant “would not have produced or revised and reproduced the infringing manual multiple times had [plaintiff] initiated its infringement action” earlier).
It is hardly obvious that Disney would have abandoned such a lucrative movie series simply because Mathew threatened to try to rescind the Release. Mathew did not notify Disney of his claim until after the first, very successful movie in the series had been released. Substantial revenues had already started flowing to Disney before the Release was ever negotiated with Mathew. The second movie in the series, Dead Man’s Chest, was released in July 2006, after Mathew had made Disney aware of his claim but a year before that Release was signed. It wound up being the number one movie of the year at the box office, reportedly generating more than one billion dollars in ticket sales worldwide. Mathew’s complaint alleged that the third movie in the series, At World’s End, was released in 2007 and also generated more than one billion dollars in box office, merchandising, and licensing receipts. A fourth movie was released in 2011, and a fifth is scheduled for release later this year, even while Mathew’s lawsuit is pending before us. That Disney would not have pursued the Pirates of the Caribbean franchise if it had known of Mathew’s subsequent intent to try to rescind the Release is more than a little implausible.
More to the point, that is a factual determination that cannot properly be made on a motion to dismiss based on the allegations contained in Mathew’s complaint. Substantial prejudice is a fact-intensive question that Disney had the burden to prove. E.g., Conti v. Board of Civil Service Commissioners, 1 Cal.3d 351, 82 Cal.Rptr. 337, 461 P.2d 617 (1969); Bono v. Clark, 103 Cal.App.4th 1409, 128 Cal.Rptr.2d 81, 38 (2002). It is true the complaint filed by Mathew alleged that Disney has pursued the Pirates franchise in multiple ways. It did not allege that Disney suffered substantial prejudice, however, and it certainly did not allege that Disney would have abandoned the Pirates franchise or run it at all differently had it known earlier of Mathew’s intent to rescind the release.
It is fundamental that Rule 12(b)(6) requires a court to construe the allegations of the complaint in the light most favorable to the nonmoving party, in this case Mathew. See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). The district court did not do that, and neither has the *513 majority in its disposition. The conclusion that Disney was substantially prejudiced by Mathew’s delay in giving notice of his intent to rescind the Release was wildly premature.[1]
At oral argument, counsel for Disney realistically acknowledged that it was possible that the series might have gone forward anyway, but he pointed out that there were other steps Disney might have taken, such as to file a declaratory relief action to resolve Mathew’s claim earlier rather than later. Possibly so, but that is not something that can be derived from the complaint, nor is it so certain that it can be found as a matter of law. Moreover, as it seems likely that Disney would have continued to pursue the Pirates franchise in the meantime rather than run the risk that it would wither in value, it would limit Disney’s laches defense to the additional amount that it might have been able to save if it had been able to take that action. That would still leave open the possibility of a claim by Mathews for some share in the profits received by Disney in the meantime.
Despite the majority’s acknowledgment, at 3, that “a finding of substantial prejudice is generally premature at the 12(b)(6) stage,” the majority nonetheless tries to justify its affirmance of the dismissal in this case based on Petrella v. Metro-Goldwyn-Mayer, Inc., 695 F.3d 946 (9th Cir. 2012), overruled on other grounds by Petrella v. Metro-Goldwyn-Mayer, Inc., — U.S. -, 134 S.Ct. 1962, 188 L.Ed.2d 979 (2014). The district court in Petrella did not presume substantial prejudice on a motion to dismiss, however. The court in Petrella found substantial prejudice at the summary judgment stage, after the parties had an opportunity to develop and submit evidence on the issue. 695 F.3d at 953-54. That approach was consistent with the fact-intensive nature of the substantial prejudice inquiry, unlike the approach taken in this case.
In addition, the majority cites Petrella for the proposition that substantial prejudice exists whenever a defendant shows that it “invested money to expand its business or entered into business transactions based on its presumed rights” during the delay. 695 F.3d at 953. But this fundamentally misunderstands Petrella and would bring that decision into conflict with our decisions in other cases, including Internet Specialties West, Inc. v. Milon-DiGiorgio Enterprises, Inc., 559 F.3d 985, 991-93 (9th Cir. 2009) (“If this prejudice could consist merely of expenditures in [the allegedly infringing work], then relief would have to be denied in practically every case of delay.”). Petrella made clear that the propo *514 sition quoted above only applied in instances of extraordinary delay, in that case of 18 to 19 years, where less proof of prejudice was required. 695 F.3d at 952-53. The delay in our case was less than four years. That does not mean that Mathew’s delay should be disregarded, but it does mean that it cannot be presumed that Disney must have suffered prejudice so substantial that Mathew’s claim should be dismissed on a motion to dismiss.
Danjaq, the other case the majority cites as supporting its position regarding the finding of substantial prejudice to support the application of a laches defense, involved an even longer delay by the plaintiff in asserting its claim, a delay of nearly 40 years. 263 F.3d at 956. Danjaq, moreover, did not involve a dismissal at the stage of a 12(b)(6) motion, either. The court there only concluded that there was substantial prejudice after a bench trial. Id. at 950.
Disney may still prove substantial prejudice sufficient to make out the affirmative defense of laches. If the district court thought that issue was likely to be disposi-tive, it could organize the litigation to focus on it, by limiting discovery to that issue and directing the parties to brief an appropriate motion for summary judgment. Disposal of Mathew’s claim might be appropriate then. It is not appropriate now, however.
The claim presented by plaintiff Royce Mathew strikes me as unlikely to succeed in the end, for multiple reasons, but that perception does not give us leave to resolve this case at the stage of motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on a determination that is essentially factual. I would vacate the district court’s order of dismissal under Rule 12(b)(6) and remand for further proceedings.

. The district court may have been influenced by a concern for the threat that Mathew would seek to recover all of Disney’s substantial profits from the Pirates franchise and may have presumed that the threat necessarily would have affected how Disney managed its franchise. If so, this was improper. The Supreme Court in Petrella v. Metro-Goldwyn-Mayer, Inc., — U.S. -, 134 S.Ct. 1962, 188 L.Ed.2d 979 (2014), cautioned that a plaintiff would not be entitled to all, or even most, of the defendant’s profits because "the District Court, in determining appropriate in-junctive relief and assessing profits, may take account of [his or her] delay in commencing suit," the plaintiff would only be able to recover for infringement within the Copyright Act’s 3-year period of limitations, the defendant “may prove and offset against profits made in that period 'deductible expenses’ incurred in generating those profits,” and “the defendant may prove and offset 'elements of profit attributable, to factors other than the copyrighted work,” thus, the defendant "may retain the return on investment shown to be attributable to its own enterprise, as distinct from the value created by the infringed work.” Id. at 1973-78 (citations and quotations omitted). A court cannot presume substantial prejudice by inferring that Disney would have behaved a certain way based on a mistaken view of the law.